Dismissed and Memorandum Opinion filed January 28, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00010-CR

____________

 

ERVIN KAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1028331

 



 

M E M O R
A N D U M   O P I N I O N

Appellant entered a guilty plea to aggravated robbery. In
accordance with the terms of a plea-bargain agreement with the State, the trial
court sentenced appellant on September 29, 2005, to confinement for thirty-five
years in the Institutional Division of the Texas Department of Criminal Justice.
On December 22, 2009, appellant filed a request for an out-of-time appeal in
the trial court. Even though the trial court did not grant the request, an
appeal was assigned to this court. We dismiss the appeal.  

First, the trial court entered a certification of the
defendant’s right to appeal in which the court certified that this is a plea
bargain case, and the defendant has no right of appeal. See Tex. R. App.
P. 25.2(a)(2). The trial court’s
certification is included in the record on appeal. See Tex. R. App. P. 25.2(d). The record supports the trial
court’s certification. See Dears v. State, 154 S.W.3d 610, 615 (Tex.
Crim. App. 2005).

Moreover, this court lacks jurisdiction over this attempted
appeal from a 2005 conviction. Neither the trial court nor this court may grant
appellant an out-of-time appeal. The exclusive post-conviction remedy after
final felony convictions in Texas courts is through a writ of habeas corpus
returnable to the Texas Court of Criminal Appeals, pursuant to article 11.07 of
the Code of Criminal Procedure. Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex. Crim. App. 1991); Tex.Code Crim. Proc. Ann. art. 11.07, §
3(a) (Vernon Supp. 2009). 

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).